UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK E. GLAVIN, et al.,

                Plaintiffs,
  v.                                                **DECISION & ORDER**
                                                         05-CV-477S

ROBERT M. RESTAINO, Individually,
and in his official capacity as a Judge
of the Niagara Falls City Court,

                Defendant.
_____

## I.  INTRODUCTION

In this case, Plaintiffs claim that Defendant, Niagara Falls City Court Judge Robert M. Restaino, illegally detained them because they could not provide information about the source of a beeping wristwatch alarm during his court proceedings.  Plaintiffs are persons charged with various offenses under New York law, who must appear from time to time in the City Court of Niagara Falls.  In their Complaint, Plaintiffs seek monetary damages and injunctive relief under 42 U.S.C. § 1983.  Currently before this Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.  BACKGROUND

**A.   Facts**

The following facts, which are alleged in the Complaint, are assumed true for purposes of the instant motion.  Plaintiffs Mark E. Glavin, Joseph R. McCarthy, Marcellus Overton, Martha R. Seaberry, and Dedrick G. Williams are charged with various offenses, which require them to appear in the Niagara Falls City Court on a periodic basis.  (Compl., ¶ 4).  On Friday, March 11, 2005, at approximately 10:00 a.m, Judge Restaino was

1

presiding over a session during which Plaintiffs' cases were calendared, when a wristwatch alarm sounded several times. (Compl., ¶¶ 5-6). Apparently believing that the sound was a ringing cell phone, Judge Restaino asked the persons present in the courtroom, including Plaintiffs, about the source of the noise. (Compl., ¶¶ 7-11). As each Plaintiffs' appearance concluded, Judge Restaino assessed new bail requirements for each of them, based on his conclusion that they had failed to cooperate in his investigation as to the source of the noise. (Compl., ¶ 12). As a result, each of the Plaintiffs was taken into custody and placed in the lockup for a minimum of one and one-half hours. (Compl., ¶¶ 12-24).

**B.    Procedural Background**

Plaintiffs commenced this action on July 11, 2005, by filing a Complaint in the United States District Court for the Western District of New York. On July 29, 2005, Defendant filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] On September 20, 2005, upon Plaintiffs' request, this Court cancelled oral argument on the Motion and deemed it submitted on the papers. For the reasons that follow, Defendant's Motion to Dismiss is granted.

### III.  DISCUSSION

**A.    Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When resolving a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true, and draw all reasonable inferences

---

[1] In support of his Motion, Defendant filed a declaration by Stephen Gawlik, a memorandum of law and a reply memorandum of law. Plaintiffs filed a memorandum of law in opposition to Defendant's Motion. Plaintiffs also filed a Motion for Leave to File the transcript of the relevant proceedings before Judge Restaino on March 11, 2005.

in favor of the non-moving party.  Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996); see also Press v. Quick & Reilly, Inc., 218 F.3d 121, 128 (2d Cir. 2000) (noting that factual allegations in the complaint must be accepted as true on a motion to dismiss).  Moreover, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)).

To survive a motion to dismiss, a plaintiff must assert a cognizable claim and allege facts that, if true, would support such a claim.  See Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  At the same time, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to survive a motion to dismiss."  Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal citations omitted).  Ultimately, in the context of such a motion, "[t]he issue is not whether a plaintiff will or might ultimately prevail on her claim, but whether [he] is entitled to offer evidence in support of the allegations in the complaint."  Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 62 (2d Cir. 1997) (citation omitted).

**B.     Judge Restaino's Motion to Dismiss**

Plaintiffs assert a single cause of action against Judge Restaino under 42 U.S.C. § 1983.  Specifically, Plaintiffs allege Judge Restaino violated their rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution by illegally detaining them during their appearances in Niagara Falls City Court.  In his Motion to Dismiss, Judge Restaino argues that he is entitled to judicial immunity.

**C.     Judicial Immunity**

"'[I]t is a general principle of the highest importance to the proper administration of

justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Mireles v. Waco, 502 U.S. 9, 9-10, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) (quoting Bradley v. Fisher, 80 U.S. 335, 13 Wall. 335, 20 L. Ed. 646 (1872)). Judicial immunity, like other forms of official immunity, is immunity from suit, not just from the ultimate assessment of damages. Mitchell v. Forsythe, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985). Thus, "[judicial] immunity applies even when the judge is accused of acting maliciously and corruptly." Imbler v. Pachtman, 424 U.S. 409, 419 n.12, 96 S. Ct. 984, 990, 47 L. Ed. 2d 128 (1976) (citing Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218, 18 L. Ed. 2d 288 (1967)).

There are only two circumstances in which judicial immunity can be overcome: (1) a judge is not immune from liability for actions taken outside his or her judicial capacity; and (2) a judge is not immune from actions that, although judicial in nature, are taken in the complete absence of jurisdiction. Mireles, 502 U.S. at 11-12 (citations omitted).

Plaintiffs contend that Judge Restaino is not entitled to judicial immunity because his attempt "to ferret out" the party responsible for the disturbance in his court room was not "judicial in nature." (Pls' Mem., p. 4). Judge Restaino argues that he is vested under New York State Judiciary Law with criminal contempt power, and that the allegation that he exercised his authority improperly is not a basis for "abdicating the cloak of judicial immunity." (Def.'s Reply Mem., p. 2). Accepting Plaintiffs' allegations as true that Judge Restaino summarily detained them, this Court must determine whether such conduct constitutes an exception to the doctrine of absolute judicial immunity. For the reasons stated below, this Court concludes that it does not.

"Because 'some of the most difficult and embarrassing questions which a judicial

4

officer is called upon to consider and determine relate to his jurisdiction . . . ,' the scope of the judge's jurisdiction must be construed broadly when the issue is the immunity of the judge." Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978) (quoting Bradley, 80 U.S. at 352). In Stump, the United States Supreme Court determined that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the '*clear absence of all jurisdiction*.'" 435 U.S. at 356-57 (quoting Bradley, 80 U.S. at 351) (emphasis added).

The critical difference between acts taken in excess of authority, to which immunity attaches, and those taken in the clear absence of all jurisdiction was clearly articulated by the United States Supreme Court in Bradley:

> A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter[,] any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

80 U.S. at 351-52.

Under New York state law, judges have the power to punish a person for criminal contempt for the kind of disturbance which disrupted the Niagara Falls City Court on March 11, 2005. Specifically, New York State Judiciary Law § 750 provides that "[a] court of record has power to punish for a criminal contempt, a person guilty of . . . [b]reach of the peace, noise, or other disturbance, directly tending to interrupt its proceedings." N.Y. Jud.

Law § 750.

Under the circumstances, it cannot be said that Judge Restaino did not have jurisdiction to mete out punishment for the courtroom disturbance, even if he acted summarily.  See, e.g., People v. Keno, 276 A.D.2d 325, 325 (1st Dep't 2000) ("The court's summary action in holding defendant in criminal contempt was proper where, moments after being sentenced, he told the court to 'drop dead.'"); see also Bardascini v. Reedy, 51 A.D.2d 271, 273 (3rd Dep't 1976) (Since the defendant town justice had "the authority to punish contempt[] summarily, any errors committed by him in furtherance of that power would be within the exercise of his judicial function and would furnish no basis for subsequent civil liability.").

Even accepting the allegations in the Complaint as true,  this Court finds that Judge Restaino did not act in the clear absence of all jurisdiction in detaining Plaintiffs in connection with the disruption in the courtroom. See Stump, 435 U.S. at 356-57. Plaintiffs' allegations that Judge Restaino used his contempt powers in a malicious, excessive or erroneous manner are insufficient to divest him of his absolute judicial immunity.  See Stump, 435 U.S. at 356-57.[2]  Accordingly, Plaintiffs' Complaint against Judge Restaino must be dismissed.[3]

---

[2]Plaintiffs seek injunctive relief on the basis that Judge Restaino continues to preside over their cases in domestic violence court and may detain them again.  Relying on Pulliam v. Allen, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), Plaintiffs argue that their claim for injunctive relief cannot be dismissed because "[j]udicial immunity is unavailable to judges whose improper actions require the imposition of prospective and/or declaratory relief."  (Pls' Mem., p. 23).  However, the Pulliam case has been superceded by statute.  As explained by the Second Circuit, "[t]he 1996 amendments to § 1983 provide that 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (quoting Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983)).  Plaintiffs do not allege that either of these exceptions apply here.

[3]Because this Court finds that Judge Restaino is entitled to judicial immunity, it need not consider the transcript of the proceedings giving rise to this action.  That being the case, Plaintiffs' Motion for Leave to File the transcript is denied as moot.

6

## IV.  CONCLUSION

Based on the foregoing, this Court finds that Judge Restaino is entitled to judicial immunity from Plaintiffs' suit.  In addition, Plaintiffs' Motion for Leave to File the transcripts of the proceedings giving rise to this action is denied as moot.  Accordingly, Defendant's Motion to Dismiss is granted.

## V.  ORDERS

IT HEREBY IS ORDERED that Plaintiffs' Motion for Leave to File (Docket No. 6) is DENIED AS MOOT.

FURTHER, that Defendant's Motion to Dismiss (Docket No. 2) is GRANTED.

FURTHER, that the Clerk of the Court shall take the necessary steps to close this case.

SO ORDERED.

Dated:      March 26, 2006
            Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge